CITY OF SOUTH OMAHA V. CATHERINE O'ROURKE.

FILED DECEMBER 2, 1903.   No. 13,218.

1. **Taxation: PRECINCT.** For purposes of taxation and revenue, a precinct actually formed and organized will be deemed a *de facto* organization, whether the meeting of the county commissioners at which it was made was lawfully adjourned and held or not.

2. **De Facto Assessor.** Where a precinct, as formed, embraced four wards of a city, each of which was by statute made a precinct for taxing purposes, an assessor elected for and exercising his office in all four of them, without objection and with the acquiescence of the people, is a *de facto* assessor in each ward.

3. **Taxes: RECOVERY.** City taxes paid under protest are not recoverable because based upon an assessment made by such a *de facto* assessor who was acting for all four wards.

ERROR to the district court for Douglas county: BENJAMIN S. BAKER, JUDGE. *Reversed.*

*Arthur H. Murdock,* for plaintiff in error.

*Henry W. Pennock, Edward R. Duffie, James E. Kelby* and *Frank H. Gaines, contra.*

HASTINGS, C.

Plaintiff below, Catherine O'Rourke, brought suit in the district court for Douglas county against the city of South Omaha, alleging that the latter is a city of the first class, duly organized; that it was, during the years from 1894 to 1899, inclusive, divided into four wards; that plaintiff owned certain real property described in the petition, and that during the years mentioned, a person, styling himself "assessor of South Omaha precinct," attempted to assess the property for taxation, and that no

other assessment of it was made; that, during each of these years, taxes were attempted to be levied against the property by virtue of such assessments; that on February 7, 1900, the city treasurer demanded payment of such taxes, and that on that date plaintiff paid the city taxes for these years, aggregating $762.12, under protest; and she brought the action to recover it. An answer was filed and an amended answer. The latter admits the corporate capacity of the city; denied that it was divided into four wards during the entire six years, and admits the ownership of the property; admits that, for the years 1894 to 1897, inclusive, the assessment was by an "assessor of South Omaha precinct," and that the taxation of the premises was based upon such assessments, and says that for the years 1898 and 1899 the assessment was made by an assessor of each ward. The answer further sets out that the assessment, during the years 1894 to 1897, was made by a duly elected assessor, whose legal authority was never previously questioned and was acquiesced in by all of the inhabitants of the city, and that the method of assessment has prevailed during all the time since the city was organized until 1898; that the taxation complained of, and protested against, was for the general public use and benefit of the city, was not excessive or out of proportion, and that the plaintiff was equitably bound to pay it. Payment, on the 7th day of February, 1900, of these said taxes is admitted; and that the treasurer's receipt had written upon its face: "These taxes paid under protest. Protest filed February 7, 1900;" and denies that any sufficient protest was filed, and denies the serving upon the treasurer of any written demand for the repayment of the money.

The trial court found in favor of the plaintiff as to the taxes for 1894, 1895, 1896 and 1897, and for the city as to the taxes for 1898 and 1899. Judgment was given the plaintiff for $650.36. To reverse this judgment the city brings error. The errors complained of are; that the trial court admitted in evidence, over the city's objection,

a recital in the receipts for taxes that the taxes were paid under protest; that the court erred in admitting the protest against the payment of these taxes and the demand for repayment, both of which were in writing, and on both of which the city treasurer had indorsed a receipt of a copy; and in admitting in evidence the original answer of the city, which contains certain admissions not in the amended answer. Complaint is further made of error in refusing to admit proof of the action of the county commissioners of Douglas county in forming the precinct of South Omaha; and that the finding and judgment are contrary to law and not supported by sufficient evidence.

Counsel for defendant, while declaring that he does not waive any errors in the admission or rejection of evidence, rests his case chiefly upon the latter complaint. There seems to have been no error by the trial court in admitting the several items of evidence mentioned, and, in any event, it seems clear that the evidence establishes the payment of these taxes under protest, and that they are based upon an assessment made by "the assessor of the South Omaha precinct." That the city consists of four wards is admitted. The plaintiff's counsel claims that her case rests upon these facts. If they are sufficient, errors in the admission or rejection of evidence can hardly avail the defendant anything, and if they are not sufficient to uphold the judgment, it can not stand.

The error complained of, in the refusal to allow the evidence of the proceedings of the board of county commissioners in establishing South Omaha precinct, only becomes important, as bearing upon the right of an assessor of that precinct to exercise that office as to this property. It would seem that the evidence was properly excluded. It is conceded that it fails to show that there was any properly adjourned meeting of which a record could properly be made at the time. No evidence, aside from the record, was tendered that there was an actual holding of a meeting, and an actual session, and actual establishment of South Omaha precinct. An apparent

34

record made of an apparently unauthorized meeting would hardly be evidence of the facts recited by it. The evidence in this case, however, indicates distinctly that there was an actual assessment by an officer assuming to act as assessor. The doctrine of *Norton v. Shelby County*, 118 U. S. 425, that there can be no *de facto* officer if there is no *de facto* office, seems to have no application to the facts in this case. There was an actual organization of South Omaha precinct, whether the record of its formation was admissible or not. There was a *de facto* precinct. In fact, the plaintiff's claim is that there were four of them, for each of which there should have been an assessor. The assessor who was acting was the *de facto* officer of each of the four wards, because he assumed to act for all of them.

It is true that in *Morton v. Carlin*, 51 Neb. 202, where an injunction was brought against the levy of a tax for the payment of bonds, this court held that a precinct which included the whole of Nebraska City with its four wards, as well as some lands adjoining, was not a precinct authorized in any manner to issue bonds. That holding does not seem necessarily decisive of this case. In the present case the sole question is, whether an actual and *de facto* organization of the whole of South Omaha into one precinct was superseded and rendered nugatory by the statutory provision, that each ward of that city, of which there were four, should constitute a precinct. And, as above suggested, whether the precinct consisted of the whole city of South Omaha, or whether there were four precincts; each precinct, whether an entire city or a single ward, was entitled to make assessments. If it was by a single officer, and he was making assessments for all of them, this would not prevent his being a *de facto* officer, and his acts valid, until he was deprived by lawful authority of such position. Of course, he could not *de jure* hold the position of assessor in a precinct where he did not live, but beyond question he could do so *de facto*. The assessments in this instance were valid. The fact

that they were made by one who styled himself "assessor of South Omaha precinct," but who was, in fact, exercising the office of assessor throughout the city, is no ground for the repayment of this money, which the plaintiff paid under protest for taxes so assessed.

The point urged at considerable length, that plaintiff failed to prove the filing of her claim with the city council for the refunding of these taxes, need not be discussed. The above conclusion disposes of the case, and in *City of Omaha v. Hodgskins, antc,* p. 229, it is held unnecessary to file an additional claim with the city council. The demand of the treasurer is held sufficient.

It is recommended that the judgment of the district court be reversed and the cause remanded for further proceedings in accordance with law.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings in accordance with law.

REVERSED.